IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JENNIFER JONES, guardian of RYAN JONES, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING IN PART PLAINTIFF'S MOTION TO AMEND |
| vs. | |
| EMPLOYEE LEASING AND MANAGEMENT, INC., et al., | Case No. 2:01-CV-777 TS |
| Defendants. | |

On May 21, 2005, Plaintiff filed a Motion to Amend, seeking to file a Third Amended Complaint.  The Motion sought to strike references to a class action and to add parties.  The Court held a hearing on the Motion to Amend on August 11, 2005.  At the close of the hearing, the Court granted the Motion, in part, and denied it, in part.  The Court also directed Plaintiff to file a Motion if she felt that it was necessary to add a new cause of action.

Plaintiff filed a supplemental memorandum seeking to add a claim under 29 U.S.C. § 1140.  Defendants oppose this Motion arguing that it is untimely and prejudicial.  For the reasons discussed below, the Court will not permit Plaintiff to amend her Complaint to add a claim under 29 U.S.C. § 1140.

1

I. PROCEDURAL BACKGROUND

Plaintiff originally filed her Complaint on October 9, 2001.[1]  The Court established a Scheduling Order on November 14, 2002,[2] which set an April 25, 2003, deadline to amend the pleadings.  On September 17, 2003, an Amended Scheduling Order was put in place, which left the April 25, 2003, deadline.[3]  On January 22, 2004, an Order was entered which extend the discovery and dispositive motion deadlines.[4]  A similar Order was entered on March 26, 2004,[5] and again on July 6, 2004.[6]  An Amended Scheduling Order was created on November 8, 2004, which contained the April 25, 2003, deadline to amend the pleadings.[7]  On November 16, 2004, an Order was entered extending the discovery and dispositive motion deadlines.[8]  A similar order was entered on February 7, 2005.[9]  An Amended Scheduling Order was put in place on November 15, 2005, which did not contain a deadline to amend the pleadings.[10]  Finally, on March 31, 2006, an Order was entered extending the deadline for filing dispositive motions.[11]

---

[1]Docket No. 1.

[2]Docket No. 21.

[3]Docket No. 51.

[4]Docket No. 64.

[5]Docket No. 67.

[6]Docket No. 70.

[7]Docket No. 76.

[8]Docket No. 78.

[9]Docket No. 83.

[10]Docket No. 122.

[11]Docket No. 130.

At the hearing on Plaintiff's Motion to Amend, the Court invited the parties to submit supplemental briefing on the issue of whether Plaintiff should be allowed to add a cause of action under 29 U.S.C. § 1140.  Plaintiff argues that it was not until November 2004, during discovery, that information came to light that Plaintiff may have a factual basis for a claim under § 1140. Plaintiff claims that it was during the deposition of K. Wayne Stewart, on November 22, 2004, that this information was discovered.  Plaintiff then waited six months, until May 21, 2005, to bring her Motion to Amend.  Plaintiff has provided no explanation as to why she did not bring a Motion to Amend earlier or why she did not seek to extend the deadline to amend pleadings in one of the many motions, made by both parties, to extend various deadlines.

## II.  DISCUSSION

Federal Rule of Civil Procedure 16(b) states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."[12]  Plaintiff attempts to show good cause by stating that the information which gave rise to her Motion to Amend was not discovered until November 22, 2004.  Plaintiff has failed to explain, however, why she waited nearly two years to depose Mr. Stewart and why she waited six months after the deposition to file a Motion to Amend.  Plaintiff further fails to explain why she did not seek to extend the deadline to add claims on one of the many occasions that the other deadlines have been extended in this matter.

The Court finds that Plaintiff's request to add this cause of action is dilatory and Plaintiff has not shown the good cause required under Rule 16(b).  Allowing the addition of a claim at this stage of the proceedings would be highly prejudicial to Defendants.  This case is over four years

---

[12]Fed.R.Civ.P. 16(b).

old and trial is rapidly approaching.  For these reasons, the Court will deny Plaintiff's request to add additional claims.  The Court would also note that because of the delayed nature of these proceedings, the Court will be unwilling to entertain any further Motions to Extend Time and the Court will not vacate the trial date set for August 15, 2006.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Amend (Docket No. 90) is DENIED IN PART. Plaintiff may not add a claim under 29 U.S.C. § 1140.

DATED   April 3, 2006.

BY THE COURT:

_____

TED STEWART
United States District Judge